HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
rzerounian@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:    (415) 777-3200

JUSTIN P. THIELE, SBN 311787
jthiele@hansonbridgett.com
ESTHER Y. SHIN, SBN 324049
eshin@hansonbridgett.com
777 S Figueroa Street, Suite 4200
Los Angeles, California 90017
Telephone:    (213) 395-7620

*Attorneys for Plaintiff*
*Robin Healthcare, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN HEALTHCARE, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MY ROBIN INC., a Delaware corporation,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND FEDERAL FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a), CALIFORNIA TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200**<br><br>**DEMAND FOR JURY TRIAL** |

Case No.

COMPLAINT

Plaintiff Robin Healthcare, Inc. ("Robin" or "Plaintiff"), for its complaint against My Robin Inc. ("My Robin" or "Defendant"), alleges, upon personal knowledge with respect to itself and its acts and upon information and belief as to all others, as follows.

**Nature of Action**

1. This action arises from My Robin's adoption and use of Robin's trademark—ROBIN—in the healthcare field, and the resulting likelihood of confusion, trademark infringement, and damage to Robin's valuable customer goodwill. Robin is an innovator in the field of supporting medical and health practices through its proprietary and AI-driven transcription, billing, and coding solutions. Robin has offered ROBIN-branded hardware and services since at least 2017, which have found success and are now found in a wide variety of its customers' health and medical facilities throughout the country. Robin owns the ROBIN trademark and has built up significant trademark rights including through widespread use and promotion of the brand.

2. Despite Robin's clear priority and commercial success, My Robin recently began offering services under the trademark ROBIN in the same field as Robin. Specifically, My Robin has used the ROBIN trademark in connection with services related to the provision of mental and emotional health and wellness. The result is a likelihood of consumer confusion that harms the value and distinctiveness of Robin's senior rights in the ROBIN trademark. The Lanham Act and California law forbid this. Robin is therefore compelled to bring this action for trademark infringement under federal and state law to protect the invaluable goodwill and consumer recognition embodied in its trademark.

**Parties**

3. Plaintiff Robin is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Berkeley, California.

4. Upon information and belief, Defendant My Robin Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

**Jurisdiction And Venue**

5. This is an action for trademark infringement arising under the Lanham Act, 15 U.S.C. § 1125(a), and related claims under California statutory and common law. The Court has jurisdiction over the subject matter of Plaintiff's claims for relief arising under the United States Trademark Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has original or supplemental jurisdiction over the subject matter of Plaintiff's claims for relief under state law pursuant to 28 U.S.C. §§ 1338(b) and 1367.

6. The Court has personal jurisdiction over Defendant because it does business in California by, among other things, offering its services in connection with the infringing mark at issue in this action, or has directed its infringing conduct into California. Moreover, on information and belief, Defendant offers its services through advisors and coaches who conduct business in California.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant is considered to reside in this district and because a substantial part of the events giving rise to the claims asserted arose in this district.

**Divisional Assignment**

8. This action will be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c) and General Order 44.

**Allegations Common to All Claims for Relief**

*Plaintiff Robin Healthcare and its ROBIN Trademark*

9. Robin is an active innovator in the field of medical software and technology. Since at least 2017, Robin has used the mark ROBIN in connection with medical transcription goods and services. Specifically, Robin offers highly advanced AI-based medical record keeping and transcription hardware and software for medical and health professionals under the ROBIN brand, including ROBIN, ROBIN HEALTHCARE, ROBIN DEVICE, ROBIN ASSISTANT, ROBIN SCRIBE, ROBIN DOCTOR, ROBIN CLINIC, ROBIN CODER, ROBIN NOTE, and ROBIN REPORT, among others including but not limited to the below-depicted design mark



(collectively, the "ROBIN Marks").

10. Since long prior to the commencement of My Robin's acts of infringement and unfair competition complained of herein, and continuously to the present, Robin has used the ROBIN Marks in connection with ROBIN-branded products that make extensive use of natural-language processing including through AI to capture doctor-patient conversations and extract crucial data for medical record-keeping, as well as transcription, billing, and coding services.

11. In particular, Robin's flagship product is a suite of goods and services, including the below-depicted hardware device designed for use by medical professionals in clinical settings, including primary care, hospital care, and mental health care, among others:



The ROBIN-branded hardware combines audio and video-capture capabilities in complementary fashion with Robin's medical transcription, scribing, billing, coding, and other services.

12. Robin has advertised its products extensively, including at its website www.robinhealthcare.com, as depicted below:



13. Robin has sold products and rendered services in connection with the ROBIN Marks nationwide. Robin's products and services have garnered significant media coverage. The ROBIN Marks have achieved longstanding appeal and recognition by clinicians, physicians, health care workers, health service organizations, tech companies, and a multitude of others in the field of healthcare throughout the United States since at least 2017. For example, Robin customers and partners include major academic and private physician practices including the University of California, San Francisco Medical Center; Duke University Medical Center's Diagnostic Clinic; Campbell Clinic, a large surgical practice in Tennessee; and Webster Orthopedics in Northern California. Robin's customers and partners include practitioners in the field of mental and emotional health, care, and wellness.

14. Robin has invested substantial time and money in building the ROBIN Marks and in marketing and promoting all of the goods and services Robin offers in connection with the ROBIN Marks.

15. Through extensive marketing and promotion of Robin's goods and services using the ROBIN Marks, and through continuous use, Robin has generated substantial goodwill

associated with the ROBIN Marks throughout the United States at least since 2017, which predate the acts of infringement by My Robin complained of herein. Robin's goods and services, and its ROBIN Marks, have received significant media attention, including in online publications such as *TechCrunch*, *Modern Healthcare*, and *MedCity News*.

16. The ROBIN Marks are inherently distinctive. As a consequence of Robin's extensive marketing, promotion, advertising, and sales activity, Robin's ROBIN Marks are strongly associated with Robin's goods and services and its goodwill. The ROBIN Marks are valuable assets of Robin and serve as the principal symbols of its goodwill. Robin has spent considerable time, money, and effort promoting its ROBIN Marks on the internet, including at its website and via other media, as well as developing nationwide customer recognition and goodwill in the marks via media, advertisements, publications, and consumer word-of-mouth. Accordingly, Robin has owned valuable common-law trademark rights in the ROBIN Marks since at least 2017 throughout the United States.

17. Robin is also the owner of U.S. Application Ser. No. 87616496 (the "ROBIN Application"), filed September 20, 2017, with the United States Patent and Trademark Office ("USPTO") for the ROBIN Mark in connection with the following:

| Class | Goods/Services |
|---|---|
| 9 | Computer hardware and downloadable software for use in capturing video and/or voice for medical scribing, transcription, clinical documentation, compliance services, diagnostic ordering services, pharmaceutical ordering services, medication prescribing services, scheduling services, patient education services, administrative and operational support services, telemedicine services, clinical decision support services |
| 35 | Medical transcription services; medical scribing services; pharmaceutical services, namely, prescription ordering services; medical billing; medical records coding services for others in the nature of assignment of diagnostic and procedural codes for purposes of facilitating reimbursement; medical billing support services in the nature of submitting medical bills; business services, namely, formulation of best practices in the field of healthcare; consulting in the fields of healthcare operations management and hospital operations management through the use of analytical models to provide operational feedback on clinical decision making and performance; confirming scheduled appointments for others in in the field of medical services; consulting in the fields of healthcare operations management and hospital operations management through the use of analytical models to assist with following clinical care best practices in the field of medical services; financial record-keeping for regulatory compliance purposes, namely, government regulations and government-related incentive programs in the field of medicine; hospital administration services in the nature of the processing of orders made for diagnostic testing by medical service providers; business management services, |

| Class | Goods/Services |
|---|---|
|  | namely, ordering diagnostic testing for medical service providers; electronic processing of orders for others in the nature of ordering diagnostic testing for medical service providers |
| 42 | Providing a website featuring online, non-downloadable software for the purpose of collecting and transmitting data between physicians and patients in the field of medical services; providing online non-downloadable software for use in capturing video and/or voice for medical scribing, transcription, clinical documentation, compliance services, diagnostic ordering services, pharmaceutical ordering services, medication prescribing services, scheduling services, patient education services, administrative and operational support services, telemedicine services, clinical decision support services |

A true and correct copy of the record from the TSDR electronic database of the USPTO showing the current status and title of the ROBIN Application is attached as **Exhibit A**. Once registered, Robin will enjoy constructive priority as of the filing date of September 20, 2017.

*Defendant My Robin's Infringement of Robin's ROBIN Trademark*

18. On information and belief, My Robin offers coaching, mentoring, educational, and mental health services for students, namely social, mental, and emotional counseling services. In conjunction with these services, My Robin also develops and offers software to its customers and clients.

19. On information and belief, beginning around December 2020, and continuing until the present, My Robin has advertised, promoted, and offered services, including mental health services and related software, in connection with its ROBIN and MY ROBIN mark (collectively "My Robin's ROBIN Marks") that infringes Robins' ROBIN Marks. My Robin consistently, thoroughly, and prominently refers to itself only as "ROBIN," and rarely if ever uses the full "MY ROBIN" designation.

20. On information and belief, My Robin has promoted and offered its mental health, educational, and coaching services and related software through its website, www.my-robin.com, which can be accessed and available throughout the United States. A representative screenshot of the My Robin website is depicted below:



21. In a letter dated December 16, 2021, Robin communicated its concerns to My Robin that its use of the ROBIN trademark with its services and software created a likelihood of consumer confusion with Robin's senior ROBIN Mark.

22. On January 5, 2022, less than three weeks after receiving Robin's letter and before communicating any sort of response to it, My Robin filed trademark applications U.S. Serial Nos. 97203317 and 97203526 (the "My Robin ROBIN Applications") for the mark ROBIN and the below depicted stylized ROBIN Mark:



(collectively, the "My Robin ROBIN Mark").

23. The My Robin ROBIN Applications are applied for registration in connection with the following goods and services:

| Class | Goods/Services |
|---|---|
| 9 | Downloadable videos, interactive lessons, and activities for use by others in the field of social and emotional learning skills; Downloadable software in the nature of downloadable videos, interactive lessons, and activities in the field of social and emotional learning skills |

| Class | Goods/Services |
|---|---|
| 41 | Providing coaching services in the field of social and emotional learning; educational services; educational services, namely, providing live and on-line classes, seminars, and workshops in the field of social and emotional learning skills; educational services, namely, mentoring in the field of social and emotional learning skills; educational services, namely, developing curriculum and conducting programs in the field of social and emotional learning skills |
| 42 | Non-downloadable videos, interactive lessons, and activities for use by others in the field of social and emotional learning; Platform as a service (PAAS) featuring computer software platforms for online interactive lessons, videos, and activities in the field of social and emotional learning; Software as a service (SAAS), namely, hosting software for use by others featuring interactive lessons, videos, and activities in the field of social and emotional learning |

A true and correct copy of the record from the TSDR electronic database of the USPTO showing the current status and title of the My Robin ROBIN Applications is attached as **Exhibit B**.

24. My Robin uses and has applied to register the ROBIN mark for goods and services highly related to those offered by Robin in connection with its ROBIN Marks such that consumers may believe they originate from the same source or share an affiliation, connection, or association. This includes, without limitation, services and software with common applications in the fields of healthcare and mental and emotional health, care, and wellness.

25. My Robin continues to advertise, promote, offer to sell services, software, and, on information and belief, offers tools such as helplines, downloadable brochures, blogs, and webinars to consumers using the My Robin ROBIN Mark.

26. My Robin's unauthorized conduct is likely to confuse consumers as to the source of My Robin's offerings or a relationship between Robin and My Robin when, in fact, there is no affiliation or relationship between Robin and My Robin.

27. My Robin's use of Robin's ROBIN Marks has caused and is causing Robin irreparable harm to Robin's goodwill and reputation.

28. Any mistaken association between My Robin and Robin has caused, is causing, and is likely to continue to cause substantial and irreparable harm to Robin.

29. On information and belief, unless restrained by this Court, My Robin will continue or expand its unauthorized activities and otherwise continue to cause substantial and irreparable damage and injury to Robin by, among other things, infringing on Robin's rights to use and

control use of its trademarks; creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the services offered in connection with the infringing marks; causing the public falsely to associate My Robin with Robin or the "ROBIN" products and services, or vice versa; and causing incalculable and irreparable damage to Robin's goodwill.

30. Accordingly, in addition to other relief sought, Robin is entitled to injunctive relief against My Robin, its affiliates, licensees, subsidiaries and all persons acting in concert with it.

### First Claim For Relief

*(Trademark Infringement and False Designation of Origin in Violation of Federal Law 15 U.S.C. § 1125(a)(1)(A))*

31. Robin repeats and realleges the above allegations as if fully set forth herein.

32. Robin's ROBIN Marks are inherently distinctive and arbitrary and, whether used separately or in combination, are entitled to the broadest possible protection afforded by the Lanham Act. The ROBIN Marks are strongly associated with Robin's goods and services and its goodwill.

33. Robin's use of the ROBIN Marks predates My Robin's claimed date of first use of its ROBIN Marks and the filing date of the My Robin ROBIN Applications.

34. Among other things, My Robin's use of the "Robin" and "My Robin" marks falsely suggests that its mental health and coaching services originate from or are approved or sponsored by Robin. This conduct is likely to deceive or to cause confusion or mistake among consumers as to the source, sponsorship, affiliation or approval of Robin and its goods and services.

35. My Robin's willful and deliberate infringement of the ROBIN Marks as alleged herein has caused and is likely to continue to cause substantial injury to the public and to Robin, and Robin is entitled to injunctive relief and its attorneys' fees and costs under §§ 32, 34, 35, and 36 of the United States Trademark Act, 15 U.S.C. §§ 1114, 1116, 1117, and 1118.

36. My Robin's conduct is continuing and will continue, constituting an ongoing threat to Robin. Unless My Robin is restrained and enjoined from engaging in the infringing conduct described above, Robin will suffer irreparable injury and further harm.

**Second Claim For Relief**

(*Common Law Trademark Infringement and Unfair Competition*)

37. Robin repeats and realleges the above allegations as if fully set forth herein.

38. My Robin's use of the My Robin ROBIN Marks as alleged herein constitutes infringement of Robin's ROBIN Marks and unfair competition at common law.

39. My Robin's trademark infringement and unfair competition as aforesaid has caused irreparable harm to Robin. Unless restrained and enjoined by this Court, My Robin will persist in its trademark infringement and unfair competition as aforesaid, thereby causing Robin further irreparable harm.

40. Robin has no adequate remedy at law.

**Third Claim For Relief**

(*Unfair Competition in Violation of California Law*)

41. Robin repeats and realleges the above allegations as if fully set forth herein.

42. Cal. Bus. & Prof. Code § 17200 *et. seq.*, prohibits any person or entity involved in any business or profession in the State of California from engaging in unfair competition, including engaging in any unlawful, unfair and fraudulent business acts or practice.

43. The conduct of My Robin alleged in this Complaint violated Cal. Bus. & Prof. Code § 17200 *et. seq.* through the activities alleged above, including but not limited to the violations of the Lanham Act.

44. As a consequence of My Robin's acts of unlawful, unfair, and fraudulent competition, Robin is entitled to injunctive relief preventing the conduct alleged in this Complaint.

**Prayer For Relief**

Plaintiff Robin prays for the following relief:

1. Adjudge that Robin's ROBIN Marks have been infringed by My Robin in violation of Robin's rights under 15 U.S.C. § 1125(a) or California law;

2. Adjudge that My Robin has competed unfairly with Robin in violation of Robin's rights under 15 U.S.C. § 1125(a) or California law;

3. Adjudge that My Robin and its respective owners, agents, servants, employees, and attorneys, and all other persons in active concert or participation with it who receive actual notice of the injunctions prayed for herein by personal service or otherwise, be preliminarily and then permanently restrained and enjoined from:

    3.1. Advertising, promoting, displaying, offering for sale, selling, designing, or producing any goods and services that display any words, terms, names or symbols that so resemble Robin's ROBIN Marks as to be likely to cause confusion, mistake or deception, on or in connection with any goods or services that are not authorized by or for Robin;

    3.2. Using any word, term, name, symbol, device or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Robin or their goods and services, or as to the origin of My Robin's services, or any false designation of origin, false or misleading description or representation of fact or any false or misleading advertising;

    3.3. Further infringing the rights of Robin in and to any of its trademarks in its ROBIN brand products or services, or otherwise damaging Robin's goodwill or business reputation;

    3.4. Adopting or filing applications to register as trademarks or domain names any additional marks that are similar or identical to Robin's ROBIN Marks; and continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

4. Adjudge that U.S. Application Ser. Nos. 97203317 and 97203526 are not entitled to register and be abandoned in whole;

5. Adjudge that My Robin, within 30 days after service of the judgment demanded herein, be required to transfer to Robin all domain names that My Robin has registered, controls, or operates that contain the terms "Robin" or "My Robin", including https://www.my-robin.com/;

6. Adjudge that My Robin, within 30 days after service of the judgment demanded herein, be required to file with this Court and serves upon Robin's counsel a written report under oath setting forth in detail the manner in which they have complied with the judgment;

7. Adjudge that My Robin be ordered, pursuant to 15 U.S.C. § 1117(a), to pay to Robin all damages sustained by Robin as a result of its infringement, and unfair competition;

8. Adjudge that the Court determine that this matter is an "exceptional case," and accordingly that Defendant be ordered, pursuant to 15 U.S.C. § 1117(a), to pay to Robin its attorneys' fees and the costs and expenses of this action;

9. Adjudge that all such other relief be awarded to Robin as this Court deems just and proper.

Respectfully submitted,

DATED: September 16, 2022              HANSON BRIDGETT LLP


By:     /s/ *Raffi V. Zerounian*
    RAFFI V. ZEROUNIAN
    JUSTIN P. THIELE
    ESTHER Y. SHIN
    Attorneys for Plaintiff Robin Healthcare, Inc.

-13-
COMPLAINT
Case No.
18912518.1

**Demand For Jury Trial**

Pursuant to Fed. R. Civ. P. 38 and L.R. 3-6, Plaintiff Robin Healthcare, Inc. hereby demands a trial by jury on all issues so triable.

DATED: September 16, 2022				HANSON BRIDGETT LLP

						By:	/s/ *Raffi V. Zerounian*
							RAFFI V. ZEROUNIAN
							JUSTIN P. THIELE
							ESTHER Y. SHIN
							Attorneys for Plaintiff Robin Healthcare, Inc.